Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000696
29-NOV-2012
09:48 AM

NO. CAAP-12-0000696

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF SP

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 10-00102)

ORDER GRANTING OCTOBER 23, 2012 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon consideration of (1) Petitioner-Appellee Department of Human Services' (Appellee Department of Human Services) October 23, 2012 motion to dismiss appellate court case number CAAP-12-0000696 for lack of jurisdiction, (2) Mother-Appellant's October 27, 2012 memorandum in response to Appellee Department of Human Services' October 23, 2012 motion in which Mother-Appellant's counsel states that Mother-Appellant is in agreement with dismissing her appeal, and (3) the record, it appears that we lack jurisdiction over Mother-Appellant's appeal from the Honorable Matthew J. Viola's July 20, 2012 "Decision Regarding Trial on Motion to Terminate Parental Rights" (the July 20, 2012 order), because the July 20, 2012 order is not an appealable final order under Hawaii Revised Statutes (HRS) § 571-54 (2006).

Under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, . . . or (2) a certified

interlocutory order." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001) (citations omitted). "Final order means an order ending the proceedings, leaving nothing further to be accomplished." Familian Northwest v. Central Pacific Boiler, 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (citations and internal quotation marks omitted). "However, it is widely acknowledged that a final judgment or decree is not necessarily the last decision of a case. What determines the finality of an order or decree is the nature and effect of the order or decree." In re Jane Doe, 77 Hawai'i 109, 114, 883 P.2d 30, 35 (1994) (citation and internal quotation marks omitted). "The very nature of a family court chapter 587 proceeding entails an ongoing case which does not result in a final order, as that term is generally defined, . . . because, under chapter 587, the family court retains continuing jurisdiction over the case in order to prevent future harm or threatened harm to a child." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001) (citations, internal quotation marks, and original brackets omitted). Despite the family court's continuing jurisdiction over a minor child, "[i]mmediate review is necessary because parents have fundamental liberty interests in the care, custody, and management of the[ir] child[ren]." In re Jane Doe, 77 Hawai'i at 115, 883 P.2d at 36 (citations, internal quotation marks, and original brackets omitted). Thus, a family court order that infringes upon parental custody rights is an appealable decision even though the requisite finality normally required for appeals is lacking. Id. at 114, 883 P.2d at 35 (citations omitted).

The July 20, 2012 order did not end the proceedings for Appellee Department of Human Services' motion to terminate parental rights. According to the language within the July 20, 2012 order, the proceedings are ongoing and have not yet concluded. Therefore, the July 20, 2012 order is not an appealable final order pursuant to HRS § 571-54. Therefore,

IT IS HEREBY ORDERED that Department of Human Services' October 23, 2012 motion to dismiss appellate court case number

CAAP-12-0000696 for lack of jurisdiction is granted, and appellate court case number CAAP-12-0000696 is dismissed for lack of jurisdiction.

DATED:   Honolulu, Hawai'i, November 29, 2012.

On the motion:

Jay K. Goss and
Asami M. Williams,
Deputy Attorneys General,
for Petitioner-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3